UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENELL REED-FARMER
        Plaintiff,

                                                    Case No. 16-cv-14347
v.                                                  Hon. Mark A. Goldsmith
                                                    Mag. David R. Grand

EQUITYEXPERTS.ORG, LLC,
        Defendant.
_____

### AMENDED JOINT FINAL PRETRIAL ORDER

**1. Jurisdiction**

Plaintiff's claims are brought pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Jurisdiction is not contested.

**2. Trial**

This case will be tried by a jury and is expected to take approximately two days.

**3. Settlement**

The parties have conferred and considered the possibility of settlement on numerous occasions, but do not expect to be able to resolve this case through settlement.

**4. Plaintiff's Claims**

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Michigan Occupational Code, M.C.L. § 309.901 *et seq.* ("MOC"), when attempting to collect a debt from Plaintiff.

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) of the FDCPA by misleading Plaintiff to believe that she settled her debts for her unpaid association dues when Plaintiff completed her payments through a payment plan with Defendant, though the payment plan settled her association dues for only one of the two associations represented by Defendant. Plaintiff further alleges that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f(1) of the FDCPA by misrepresenting the character and amount of the alleged debt on multiple occasions. Plaintiff further alleges that Defendant violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting fees that Defendant had no authority to collect, including a $100 monthly fee for Plaintiff entering into the payment plan. Plaintiff further alleges that Defendant violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting excessive collection fees from Plaintiff. For each claim under the FDCPA, the elements are: (1) the plaintiff is a "consumer" as defined by the FDCPA; (2) the alleged debt is a "debt" as defined by the FDCPA; (3) the defendant is a "debt collector" as defined by the FDCPA; and (4) the defendant violated a provision of the FDCPA. *Dunn-Mason v JP Morgan Chase Bank, NA*, No. 11-cv-13419, 2013 WL 5913684, at *11 (ED Mich Nov 1, 2013).

2

On the same facts, Plaintiff also alleges that Defendant willfully and/or negligently violated M.C.L. § 339.915(e) and (f) of the MOC. Plaintiff further alleges that Defendant violated M.C.L. § 339.915(e) and (f) of the MOC by misleading Plaintiff into signing a payment plan with Defendant to pay her outstanding homeowner's association dues, though the payment plan settled her association dues for only one of the two associations represented by Defendant. Plaintiff further alleges that Defendant violated M.C.L. § 339.915(q) of the MOC by failing to implement a procedure designed to prevent a violation by an employee. Plaintiff's claims under the MOC are analogous to those under the FDCPA. *Millsap v. CCB Credit Servs., Inc.*, No. 07-cv-11915, 2008 WL 8511691, at *10 (E.D. Mich. Sep. 30, 2008).

Plaintiff alleges that she is entitled to recover actual and statutory damages as a result of Defendant's violations of the FDCPA and MOC, pursuant to 15 U.S.C. § 1692k and M.C.L. § 339.916(2), respectively. Plaintiff further alleges that she is entitled to recover trebled actual damages for Defendant's willful violations of the MOC, pursuant to M.C.L. § 339.916(2).

**5. Defendant's Defenses**

Defendant denies that it is liable to the Plaintiff for any amount. Specifically, the Plaintiff failed to pay her homeowners' assessments to her Stonegate Pointe Homeowners Association and The Parks at Stonegate Pointe Homeowners

3

Association (the "Associations") when due pursuant to the Associations' governing documents. By accepting title to her property, Plaintiff covenanted and agreed to pay the Associations, when due, all assessments levied by the Associations. When Plaintiff stopped paying her assessments, the Association referred Plaintiff's account to Equity Experts for collection. Equity Experts communicated to the Plaintiff that she would be responsible for all costs of collection as set forth in the Associations' governing documents. Equity Experts undertook the necessary steps of collection pursuant to its contract with the Associations, including compliance measures, and outreach to the Plaintiff.

Equity Experts' business model, which Plaintiff takes issue with and is the crux of her Complaint, was challenged in *Sparks v. EquityExperts.Org, LLC*, 2019 WL 4022572 (2019 6th Cir. COA), and an opinion was issued in Equity Experts' favor. Defendant contends that they have not violated the FDCPA, the MOC, the MCPA, for the aforementioned reasons.

Lastly, even if a technical violation of the law can be proven, Plaintiff has suffered no damages as a result of such a technical violation. Defendant posits that the Plaintiff has not suffered any damages as a result of any technical violation of the law, and the Defendant denies that they are liable to the Plaintiff for any amount.

### 6.  Witnesses

    a.  **Plaintiff's Witnesses (all are lay witnesses and will testify in person)**

      i.  Renell Reed-Farmer – Plaintiff, c/o Credit Repair Lawyers of America, 22142 West Nine Mile Road, Southfield, Michigan 48323. (248) 353-2882. Mrs. Reed-Farmer is expected to testify about communications between herself and Defendant, communications between herself and her homeowners' association, the actual amount of the debt that Plaintiff owed to her homeowners' association, the alleged amount of the debt that Defendants claimed that Plaintiff owed to her homeowners' association, the payment plan that Defendant solicited Plaintiff to enter into to pay the alleged debt for her association dues and related charges, and Plaintiff's damages from Defendant's violations of the FDCPA and MOC.

      ii.  Plaintiff's husband – c/o Credit Repair Lawyers of America, 22142 West Nine Mile Road, Southfield, Michigan 48323. (248) 353-2882. Plaintiff's husband is expected to testify about communications between himself and his homeowners' association, the actual amount of the debt that Plaintiff owed to the homeowners' association, the alleged amount of the debt that Defendants claimed that Plaintiff owed to their homeowners' association, the payment plan that Defendant solicited Plaintiff to enter into to pay the alleged debt for her association dues and related charges, and Plaintiff's damages from Defendants' violations of the FDCPA and MOC.

     iii.  Jacqueline Galofaro – Equity Experts' Vice President, c/o DeMarte Law, PLLC, 39555 Orchard Hill Place Ste 600, Novi, Michigan 48365. (313) 509-7047. Ms. Galofaro is expected to testify about communications between Defendant and Plaintiff, communications between Defendant and Plaintiff's homeowners' association, Defendant's policies and procedures for collecting unpaid association dues, Defendant's policies and procedures for charging collection costs, the alleged amount of the debt that Plaintiff owed to her homeowners' association, and the payment plan that Defendant solicited Plaintiff to enter into to pay the alleged debt for her association dues and related charges.

iv. Michael Novak – Defendant's President, c/o DeMarte Law, PLLC, 39555 Orchard Hill Place Ste 600, Novi, Michigan 48365. (313) 509-7047. Mr. Novak is expected to testify about communications between Defendant and Plaintiff, communications between Defendant and Plaintiff's homeowners' association, Defendant's policies and procedures for collecting unpaid association dues, Defendant's policies and procedures for charging collection costs, the alleged amount of the debt that Plaintiff owed to her homeowners' association, and the payment plan that Defendant solicited Plaintiff to enter into to pay the alleged debt for her association dues and related charges.

v. Persons necessary to lay a foundation or for authentication or rebuttal purposes.

b. **Defendants' Witnesses**

i. Defendant EquityExperts.org, LLC will call one of its representatives, Jacqueline Galofaro – c/o DeMarte Law, PLLC, 39555 Orchard Hill Place Ste 600, Novi, Michigan 48365. (313) 509-7047. Ms. Galofaro will have information regarding the allegations in the Complaint, Plaintiffs' alleged damages, communications with the Plaintiffs, records regarding the proposed lien on Plaintiffs' residence, and Defendants' defenses.

ii. Renell Reed-Farmer – Plaintiff, c/o Credit Repair Lawyers of America, 22142 West Nine Mile Road, Southfield, Michigan 48323. (248) 353-2882. It is believed that the Plaintiff will

have information regarding the allegations in the Complaint, her alleged damages, and Defendants' defenses in this matter.

   iii.  Any and all witnesses listed on Plaintiffs' Witness List or any amendments thereto, whether or not called at trial;

   iv.  Any and all witnesses called for the purpose of laying a proper foundation, rebuttal or authentication.

**7. Depositions**

Neither party conducted a de bene esse deposition.

**8. Exhibits**

  a.  **Plaintiff's Exhibits**

    i.  Defendant's Responses to Plaintiff's Interrogatories

    ii.  Defendant's Responses to Plaintiff's Request for Production of Documents

   iii.  Document titled "Collection Activity & Cost Notice"

   iv.  Letter from Equity Experts to Plaintiff, dated May 23, 2012

    v.  Letter from Equity Experts to Plaintiff, dated June 26, 2012

   vi.  Letter from Equity Experts to Plaintiff, dated August 28, 2012

  vii.  Letter from Equity Experts to Plaintiff, dated September 18, 2012

7

viii.   Letter from Equity Experts to Plaintiff, dated January 9, 2013

ix.   Letter from Equity Experts to Plaintiff, dated June 3, 2014

x.   Occupant Ledger, dated August 13, 2015

xi.   Letter from Equity Experts to Plaintiff, dated August 27, 2015

xii.   Letter from Equity Experts to Plaintiff, dated September 22, 2015, signed by Plaintiff on September 23, 2015

xiii.   Letter from Equity Experts to Plaintiff, dated September 28, 2015

xiv.   Letter from Equity Experts to Plaintiff, dated October 28, 2015

xv.   Letter from Equity Experts to Plaintiff, dated December 1, 2015

xvi.   Letter from Equity Experts to Plaintiff, dated January 5, 2016

xvii.   Letter from Equity Experts to Plaintiff, dated February 4, 2016

xviii.   Letter from Equity Experts to Plaintiff, dated March 8, 2016

xix.   Letter from Equity Experts to Plaintiff, dated April 8, 2016

xx.   Letter from Equity Experts to Plaintiff, dated June 8, 2016

xxi.   Occupant Ledger, dated June 20, 2016

xxii.   Letter from Equity Experts to Plaintiff, dated July 8, 2016

xxiii.   Letter from Equity Experts to Plaintiff, dated July 19, 2016

xxiv.   Letter from Equity Experts to Plaintiff, dated August 11, 2016

xxv.   Letter from Equity Experts to Plaintiff, dated September 12, 2016

xxvi.   Letter from Equity Experts to Plaintiff, dated October 12, 2016

xxvii.   Equity Experts account statement, dated October 13, 2016

xxviii.   Letter from In Rhodes Management to Plaintiff, dated December 12, 2016

xxix.   Equity Experts account statement, dated January 5, 2017

xxx.   Homeowner Transaction History for The Parks at Stonegate Pointe Condominium Association, undated

xxxi.   Document titled "Case notes," dated January 5, 2017

xxxii.   Page from Defendant's website that states "Equity Experts, a homeowners association collections agency, improves the heather of communities by following a proven process with no out-of-pocket costs for the collection of association debts."

xxxiii.   Any and all exhibits listed on Defendants' Exhibit List or any amendments thereto, whether or not introduced at trial

xxxiv.   Any and all exhibits called for the purpose of laying a proper foundation or for authentication purposes

b.  **Defendant'sExhibits**

i.   Correspondence from Equity Experts to First National Mortgage dated April 27, 2011;

ii.  Correspondence from Equity Experts to First National Mortgage dated June 9, 2011;

iii. Correspondence from Equity Experts to First National Mortgage dated July 5, 2011;

iv.  Unsigned Lien dated June 9, 2011;

v.   Correspondence from Equity Experts to Plaintiff dated June 21, 2011;

vi.  Correspondence from Equity Experts to First National Mortgage dated June 23, 2011;

vii. Correspondence from Equity Experts to Plaintiff dated August 1, 2012;

viii. Lien for Non-payment of Assessments dated August 16, 2011;

ix.  Correspondence from Equity Experts to Plaintiff dated May 23, 2012;

x.   Correspondence from Equity Experts to Plaintiff dated August 28, 2012;

xi.  Correspondence from Equity Experts to Plaintiff dated September 18, 2012;

xii.    Correspondence from Equity Experts to Plaintiff dated November 5, 2012;

xiii.   Unsigned Lien for Nonpayment Dated November 5, 2012;

xiv.    Correspondence from Equity Experts to Plaintiff dated December 5, 2012;

xv.     Correspondence from Equity Experts to Plaintiff dated December 18, 2012;

xvi.    Correspondence from Equity Experts to Plaintiff dated January 9, 2013;

xvii.   Notice of Foreclosure By Advertisement Dated January 9 2013;

xviii.  Correspondence from Equity Experts to Plaintiff dated June 3, 2014;

xix.    Correspondence from Equity Experts to Plaintiff dated June 8, 2016;

xx.     Correspondence from Equity Experts to Plaintiff dated July 8, 2016;

xxi.    Correspondence from Equity Experts to Plaintiff dated September 12, 2016;

xxii.   Correspondence from Equity Experts to Plaintiff dated October 12, 2016;

xxiii.   Correspondence from Equity Experts to Plaintiff dated October 12, 2016;

xxiv.   Correspondence from Equity Experts to Plaintiff dated September 12, 2016;

xxv.   Correspondence from Equity Experts to Plaintiff dated August 11, 2016;

xxvi.   Correspondence from Equity Experts to Plaintiff dated June 8, 2016;

xxvii.   Correspondence from Equity Experts to Plaintiff dated November 28, 2016;

xxviii.   Correspondence from Equity Experts to Plaintiff dated May 9, 2016;

xxix.   Correspondence from Equity Experts to Plaintiff dated August 27, 2015;

xxx.   Correspondence from Equity Experts to Plaintiff dated August 28, 2015;

xxxi.   Correspondence from Equity Experts to Plaintiff dated December 1, 2015;

xxxii.  Correspondence from Equity Experts to Plaintiff dated January 5, 2016;

xxxiii.  Correspondence from Equity Experts to Plaintiff dated February 4, 2016;

xxxiv.  Correspondence from Equity Experts to Plaintiff dated March 8, 2016;

xxxv.  Correspondence from Equity Experts to Plaintiff dated April 8, 2016

xxxvi.  Correspondence from Equity Experts to Plaintiff dated September 28, 2015;

xxxvii.  Correspondence from Equity Experts to Plaintiff dated April 8, 2015;

xxxviii.  Correspondence from Equity Experts to Plaintiff dated March 11, 2015;

xxxix.  Correspondence from Equity Experts to Plaintiff dated May 5, 2015;

xl.  Correspondence from Equity Experts to Plaintiff dated April 8, 2016;

xli.  Correspondence from Equity Experts to Plaintiff dated March 11, 2015;

xlii.   Correspondence from Equity Experts to Plaintiff dated May 5, 2015;

xliii.   Correspondence from Equity Experts to Plaintiff dated June 3, 2015;

xliv.   Correspondence from Equity Experts to Plaintiff dated June 23, 2015;

xlv.   Correspondence from Equity Experts to Plaintiff dated June 24, 2015;

xlvi.   Correspondence from Equity Experts to Plaintiff dated July 13, 2015;

xlvii.   Correspondence from Equity Experts to Plaintiff dated July 27, 2015;

xlviii.   Correspondence from Equity Experts to Plaintiff dated February 27, 2015;

xlix.   Correspondence from Equity Experts to Plaintiff dated September 7, 2016;

l.   Correspondence from Equity Experts to Plaintiff dated July 19, 2016;

li.   Case History Report/Equity Experts' Case Notes

lii.   Correspondence from In Rhodes Management to The Parks at Stonegate dated December 12, 2016;

liii.   Payment Plan Dated September 23, 2015

liv.   Equity Experts Ledger Dated October 13, 2016

lv.   Equity Experts Ledger Dated August 13, 2016

lvi.   Stonegate Pointe Ledger Dated February 28, 2015

lvii.   The Parks at Stonegate Pointe Ledger Dated February 8, 2016

lviii.   Equity Experts Ledger Dated January 5, 2017

lix.   Equity Experts Ledger Dated June 20, 2016

lx.   Stonegate Pointe Lien for Non Payment Dated June 4, 2015

lxi.   Stonegate Pointe Release of Lien dated August 16, 2011

lxii.   Stonegate Pointe Release of Lien dated June 3, 2014

lxiii.   Stonegate Pointe Release of Lien dated July 19, 2016

lxiv.   Equity Experts Ledger dated August 13, 2015

lxv.   Governing Documents from Plaintiff's Associations

lxvi.   Equity Experts' Contract with Stonegate Pointe-Village from 2007;

lxvii.   Equity Experts' Contract with Stonegate Pointe from 2008;

lxviii.   Equity Experts' Contract with Stonegate Point HOA Master from 2007;

lxix.  Equity Experts' Ledger dated November 11, 2019;

lxx.  Equity Experts' contract updates sent to the Associations electronically for 2015, 2016, and 2016.

## 9. Evidentiary Issues

The parties do not anticipate any evidentiary issues likely to arise at trial.

Each party also acknowledges that the Court may assess juror expenses under LR 38.2.

SO ORDERED.

Dated:  January 27, 2020                    s/Mark A. Goldsmith
        Detroit, Michigan                    MARK A. GOLDSMITH
                                        United States District Judge

Dated: January 22, 2020                    Respectfully submitted,

/s/ Gary D. Nitzkin                        /s/Katrina M. DeMarte
GARY D. NITZKIN P41155                     DeMarte Law, PLLC
CREDIT REPAIR LAWYERS OF                   Katrina M. DeMarte, Esq.
AMERICA                                    MI Bar: P81476; CO Bar: 43135
Attorneys for Plaintiff                    39555 Orchard Hill Place Ste 600
22142 W. Nine Mile Road                    PMB 6338
Southfield, MI 48033                       Novi, MI 48365
(248) 353-2882                             (313) 509-7047
gary@crlam.com                             katrina@demartelaw.com

17