# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

RENELL REED-FARMER,

    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,

    Defendant.

Case No.: 2:16-cv-14347-AC-DRG
Hon. Judge Mark Goldsmith
Magistrate Judge Anthony Patti

## DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

NOW COMES the Defendant, EQUITYEXPERTS.ORG, LLC, ("hereinafter, the "Defendant"), by and through their attorney, DeMarte Law, PLLC, and hereby move this Honorable Court for costs against Plaintiff, pursuant to Fed. R. Civ. P. 68, for the following reasons:

1. That on March 2, 2020, this Court entered final judgment on Plaintiff's claims against Defendant herein, in the amount of $0.00, or entered judgment in favor of the Defendant on the remaining claims.

2. That pursuant to Fed. R. Civ. P. 54, a judgment is defined as "any order from which an appeal lies".

3. A judgment is a final order for all issues against the Defendant, which is appealable by the Plaintiff.

4. That on October 31, 2019, Defendant herein served their Offer of Judgment pursuant to Fed. R. Civ. P. 68, in the amount of $2,000.00 upon the Plaintiff. Exhibit 1.

5. Plaintiff had fourteen days to respond.

6. Plaintiff did not respond.

7. That Plaintiff's failure to respond constitutes a rejection.

8. That given Plaintiff's rejection, Defendant is now entitled to costs incurred in defending this litigation from a November 21, 2019 through March 2, 2020.

9. That Defendants would request the award of costs as outlined in attached Bill of Costs and supporting Affidavit.

10. Moreover, Defendant seeks its attorneys' fees in having to defend this matter after the rejection of their offer of judgment on the grounds that this matter was patently frivolous, and requests that this Honorable Court exercise its discretion and award Defendant its attorneys fees incurred pursuant to 15 U.S.C. § 1692k(a)(3).

11. That Defendants sought concurrence in the relief requested in this Motion pursuant to Local Rule 7.1 and concurrence was denied.

WHEREFORE, Defendants request this Honorable Court award costs of $8,848.50 pursuant to Fed. R. Civ. P. 68.

Dated: March 16, 2020

                          _/s/Katrina M. DeMarte_____
                          KATRINA M. DEMARTE (MI bar No. P81476;
                          CO Bar No. 43135)
                          DEMARTE LAW, PLLC
                          39555 Orchard Hill Place Suite 600 PMB 6338
                          Novi, MI 48375
                          313-509-7047
                          Katrina@demartelaw.com

LOCAL RULE CERTIFICATION: I, Katrina M. DeMarte, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## **CERTIFICATE OF SERVICE**

I hereby certify that on 3/16/2020, I electronically filed a copy of the foregoing paper and this Certificate of Service with the Clerk of the Court using the ECF system and electronically mailed filing to all counsel of record.

                                                          */s/ Katrina M. DeMarte, Esq.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RENELL REED-FARMER,

    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,

    Defendant.

Case No.: 2:16-cv-14347-AC-DRG
Hon. Judge Mark Goldsmith
Magistrate Judge Anthony Patti

**BRIEF IN SUPPORT OF MOTION FOR COSTS AND ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 68**

Defendant's Offer of Judgment made on October 31, 2019, was very simple. They agreed to have a judgment entered in the amount of $2,000.00, which would have been twice the statutory recovery Plaintiff would have been allowed to recover had she prevailed on her claimed violation of the Fair Debt Collection Practices Act. Plaintiff did not accept this amount, but instead proceeded towards trial, demanded $75,000.00 from the jury, and was instead awarded $0.00. Courts have repeatedly held that contract principles apply to offers of judgment. *Sharpe v Cureton*, 319 F.3d 259 (C.A. 6. 2003). The purpose of an offer of judgment is to encourage early settlements by increasing the risk to a Plaintiff of continuing to litigate once the defending party has made an offer to settle. *Pouillon v Little*, 326 F.3d 713, 718 (C.A. 2003).

Under the offer of judgment rule, if the offeree does not obtain a judgment more favorable than the officer, then the offeror must pay the defending party's post-offer costs, which is not limited solely to taxable costs. *Id*., at 718. Pursuant to Fed. R. Civ. P. 54, a judgment is defined as "any order from which an appeal lies." With the jury finding in Defendant's favor, all claims against the Defendants herein have been extinguished and Plaintiff would be entitled to appeal this Court's ruling. Judgment has been entered in favor of Defendant and Plaintiff has not prevailed in an amount greater than the offer of judgment on any count.

Therefore, the imposition of costs is dictated by Fed. R. Civ. P. 68. Attached is Defendants' bill of costs, which is not limited to taxable costs, as there is no such limitation set forth in Fed. R. Civ. P. 68. from the date of Plaintiff's rejection. Moreover, Defendant seeks its attorneys' fees in having to defend this matter after the rejection of their offer of judgment on the grounds that the continued litigation of this matter after was patently frivolous, particularly as to claims arising under 1692(f)(1), for which Plaintiff provided no evidentiary support at trial, which were foreclosed upon by *Sparks v EquityExperts.Org, LLC* without such, and as such, this claim was patently frivolous, unsupported, and unreasonable on its face, and should have been dismissed prior to trial. The only reason to proceed to trial rather than consider the reasonable settlement offers that Defendant advanced – which it advanced several others after its offer of judgment – were to accommodate an award for

attorneys' fees. As such, Defendant requests that this Honorable Court exercise its discretion and award Defendant its attorneys' fees incurred pursuant to 15 U.S.C. § 1692k(a)(3), as Plaintiff's advancement of her case was patently frivolous. Exhibit 2. Plaintiff would request the Court to award <u>all</u> costs in this amount for having to defend this matter beyond the valid offer of judgment: November 21, 2019 through March 2, 2020, as detailed in Exhibit 3.

Dated: March 16, 2020

        _/s/Katrina M. DeMarte_____
        KATRINA M. DEMARTE (MI bar No. P81476;
        CO Bar No. 43135)
        DEMARTE LAW, PLLC
        39555 Orchard Hill Place Suite 600 PMB 6338
        Novi, MI 48375
        313-509-7047
        Katrina@demartelaw.com

LOCAL RULE CERTIFICATION: I, Katrina M. DeMarte, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## **CERTIFICATE OF SERVICE**

I hereby certify that on 3/16/2020, I electronically filed a copy of the foregoing paper and this Certificate of Service with the Clerk of the Court using the ECF system and electronically mailed filing to all counsel of record.